## Horn et al., Appellants, *v.* Devling et al.

Argued May 22, 1934. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY and LINN, JJ.

*John P. Vallilee,* of *Schrier & Vallilee,* with him *A. N. Crandall,* for appellants.

*Archibald F. Jones* and *Chester H. Ashton,* for appellees, were not heard.

PER CURIAM, June 30, 1934:

Plaintiffs entered judgment on a bond given by Clyde A. Devling and Nelson J. Devling for the sum of $25,-619.44, issued a fi. fa. thereon, and levied upon a stock of hardware and other goods as the property of defendants, together with other personal property. The corporation of Devling Bros., Inc., thereupon notified the sheriff that the property levied upon belonged to it, and not defendants, whereupon the sheriff presented his petition to the lower court praying for a rule on claimant to show cause why an issue should not be framed to determine the ownership of the goods and chattels in controversy. Upon defendant's answer and hearing, the court made absolute the sheriff's rule, stating in its opinion that, "whether those changes [transfer by Devling Brothers to Devling Bros, Inc.] of the property levied upon were sufficient and indicated good faith is a question we feel must be passed upon by a jury." Plaintiffs appealed, alleging the court abused its discretion in awarding an issue. We cannot agree to this contention. The granting of a feigned issue is largely a matter within the discretion of the court and will not be set aside except for a clear abuse; in this case we are not able to say such abuse exists.

In affirming the award, we merely confirm the action of the court in awarding an interpleader and are not to be understood as passing in any respect upon the merits of the questions raised in the pleadings.

Judgment affirmed, costs to abide final determination of the case.